UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GERARDO GUERRERO, JR.    *   CIVIL NO. 3:01-CV-1278 (AVC)
        Plaintiff    *
                  *
V.                    *
                  *
STATE OF CONNECTICUT,    *
DEPARTMENT OF CHILDREN AND  *
FAMILIES              *
        Defendants    *   FEBRUARY 25, 2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF SHOW CAUSE ORDER

### I.  STATEMENT OF FACTS

Plaintiff, Gerardo Guerrero, Jr., brings the instant action pursuant to 42 U.S.C.

§2000e et seq, alleging disparate treatment due to his race resulting from his September

2000 termination.  At the close of discovery the defendant, Department of Children and

Families, submitted its Motion for Summary Judgment on May 13, 2003.  In accordance

with the L. Civ. R. 56(a), the defendant submitted its Statement of Undisputed Facts with

the corresponding citation to the record.  On July 21, 2003, the plaintiff submitted his

opposition papers to the defendant's Motion for Summary Judgment. (Ex. 1).  While the

plaintiff responded to the defendant's Statement of Undisputed Facts and issued its own

Statement of Material Facts at Issue, he did so in accordance with the L. Civ. R. 9(c), now

superseded by L. Civ. R. 56(a).  L. Civ. R. 9(c) did not require citation to the record in

support of a party's denials to a movant's Statement of Undisputed Facts, 9(c) Statement.

(Ex. 2).  Thus, plaintiff's responses to the defendant's Statement of Undisputed Facts did

2

not cite references to the record in support of the plaintiff's denials.

On February 9, 2004, the District Court (The Hon. Alfred V. Covello, U.S.D.J.) issued an Order to Show Cause. (Ex. 3). Said Order provided leave for the plaintiff to submit his responses to the defendant's Statement of Undisputed Facts in accordance with the L. Civ. R. 56(a). Additionally, said Order requested a response as to why the applicable sanctions for failure to comply with L. Civ. R. 56(a) should not issue. Plaintiff submits the instant Memorandum of Law pursuant to said Order to Show Cause.

## II.   ARGUMENT

### A.   Standard of Review

The imposition of sanctions as a result of a party's failure to comply with a Local Rule is within the wide discretion of the District Court. Reviewing courts reconsider such rulings under an abuse of discretion standard of review. See *Jackson v. City of New York*, 22 F.3d 71 (2d Cir. 1994); *Virgin Atlantic Airways, Ltd v. National Mediation Board*, 956 F.2d 1245, 1254-55 (2d Cir. 1992).

### B.   Discussion

While the undersigned counsel acknowledges that he did not comply with the governing L. Civ. R. 56(a), it is clear that plaintiff's counsel was operating under the old Local Rule 9(c). As the Court will recall, the hold Local Rule 9 did not require citations to the record in a party's response to a movant's Statement of Undisputed Facts. (Ex. 2). While plaintiff's counsel apologizes to the Court for any inconvenience endured as it considers the pending Motion for Summary Judgment and opposition papers, the attached

3

compliance with L Civ. R. 56(a) now facilitates that consideration. (Ex. 4).

Additionally, there is no prejudice to the defendant as even in light of the non-compliance with L. Civ. R 56(a), defendant submitted a Reply Brief with attached exhibits in response to plaintiff's opposition papers to counter any purported genuine issues of material fact. In fact, in submitting his L. Civ. R. 56(a) Statement, plaintiff has revised his responses to admit much of the Statement of Undisputed Facts to the extent that they do not conflict with the Disputed Issues of Material Fact. Plaintiff has not attempted to attach new exhibits from the record or make wholesale revisions to the statement(s) submitted on July 21, 2003. In short, the failure to comply with L. Civ. R. 56(a) was simply due to plaintiff's counsel's oversight and inadvertence. The imposition of sanctions pursuant to failure to comply with Rule 56(a) would be akin to dismissal; as plaintiff's denials would be deemed admitted and/or defendant's motion would be granted without further consideration by the Court. To the extent that Rule 56(a) has now been complied with, there is no prejudice to the defendant in submitting said compliance. Furthermore, said compliance, now facilitates review by the district court to render its decision concerning the defendant's Motion for Summary Judgment – on the merits.

Accordingly, plaintiff asserts sufficient cause has been shown pursuant to the district Court's February 9, 2004 order. Therefore, plaintiff respectfully requests that the district court not issue sanctions regarding the instant matter.



# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

```
*********************************
GERARDO GUERRERO, JR.         *   CIVIL NO. 3:01-CV-1278 (AVC)
                  Plaintiff   *
                              *
                              *
V.                            *
                              *
                              *
STATE OF CONNECTICUT,         *
DEPARTMENT OF CHILDREN AND    *
FAMILIES                      *
                  Defendants  *   JULY 21, 2003
*********************************
```

Pursuant to Local Rule 9(c), the plaintiff, Gerardo Guerrero, Jr., respectfully submits his responses to defendant's statement of undisputed material facts as well as his statement of material facts in dispute:

## A.  PLAINTIFF'S RESPONSES TO DEFENDANT'S 9(c)(1) STATEMENT

1.     Admitted
2.     Admitted
3.     Admitted
4.     Admitted
5.     Admitted
6.     Admitted
7.     Admitted
8.     Admitted
9.     Admitted
10.    Admitted
11.    Denied
12.    Denied
13.    Admitted
14.    Admitted
15.    Denied
16.    Admitted
17.    Admitted
18.    Admitted
19.    Admitted
20.    Denied
21.    Admitted
22.    Admitted
23.    Admitted

2

24.  Denied
25.  Denied
26.  Admitted
27.  Admitted
28.  Admitted
29.  Denied
30.  Admitted
31.  Denied
32.  Admitted
33.  Admitted
34.  Admitted
35.  Admitted
36.  Admitted
37.  Admitted
38.  Admitted
39.  Admitted
40.  Admitted
41.  Admitted
42.  Admitted
43.  Admitted
44.  Admitted
45.  Denied
46.  Admitted
47.  Admitted
48.  Denied
49.  Denied
50.  Admitted
51.  Denied
52.  Admitted
53.  Admitted
54.  Admitted
55.  Admitted
56.  Admitted
57.  Admitted
58.  Admitted
59.  Admitted
60.  Admitted
61.  Admitted
62.  Admitted
63.  Admitted
64.  Admitted
65.  Admitted
66.  Denied
67.  Admitted

3

| 68. | Admitted |
|-----|----------|
| 69. | Admitted |
| 70. | Admitted |
| 71. | Admitted |
| 72. | Admitted |
| 73. | Admitted |
| 74. | Admitted |
| 75. | Admitted |
| 76. | Admitted |
| 77. | Admitted |
| 78. | Admitted |
| 79. | Admitted |
| 80. | Admitted |
| 81. | Admitted |
| 82. | Admitted |
| 83. | Admitted |
| 84. | Admitted |
| 85. | Admitted |
| 86. | Admitted |
| 87. | Admitted |
| 88. | Admitted |
| 89. | Admitted |
| 90. | Admitted |
| 91. | Denied |
| 92. | Admitted |
| 93. | Admitted |
| 94. | Denied |
| 95. | Admitted |
| 96. | Admitted |
| 97. | Denied |
| 98. | Denied |
| 99. | Admitted |
| 100. | Admitted |
| 101. | Admitted |
| 102. | Admitted |
| 103. | Denied |
| 104. | Denied |
| 105. | Admitted |
| 106. | Admitted |
| 107. | Denied |
| 108. | Denied |
| 109. | Denied |
| 110. | Admitted |
| 111. | Denied |

4

112.    Admitted
113.    Denied
114.    Denied
115.    Admitted
116.    Admitted
117.    Admitted
118.    Admitted
119.    Admitted
120.    Denied
121.    Denied
122.    Admitted
123.    Admitted
124.    Admitted
125.    Admitted
126.    Admitted
127.    Admitted
128.    Admitted
129.    Admitted
130.    Admitted
131.    Admitted
132.    Admitted
133.    Admitted
134.    Admitted
135.    Admitted
136.    Admitted
137.    Admitted
138.    Admitted
139.    Admitted
140.    Admitted

B. PLAINTIFF'S STATEMENT OF MATERIAL FACTS THAT ARE IN DISPUTE.

(1)    LINK assesses degree of risk for each intake call. (Ex. G at 28-29).

(2)    DCF protocol permits the Hotline social worker to refer the caller to other resources. e:g. police. (Ex. G at 31).

(3)    Mysogland, upon becoming Director of Hotline, was armed with the mandate to "clean up" perceived problems on the Hotline. Guerrero was deemed a "problem". (Ex. F at 101-103).

(4)    Audiotapes of calls received by the Hotline are intended to be used for training purposes and to assist Hotline social workers improve their protocol when interfacing with the public. (Ex. G. at 28).

5

(5)     Despite the complaints concerning Guerrero's phone demeanor and documenting calls, Guerrero did not receive additional formal training. (Ex. D at 41).

(6)     The various oral and written counseling issued to Guerrero did not constitute written warnings and/or reprimands pursuant to defendant's progressive discipline policy. (Ex. F. a t 34).

(7)     Upon promotion to social worker in May 1995, Guerrero's performance was satisfactory. (Ex. E).

(8)     Guerrero's June 1998 transfer to the third shift was deemed an involuntary transfer and overturned by the grievance procedure. (Ex. F at 116).

(9)     The August 23, 1998 complaint from Karen L. Ablecuicz acknowledged that Guerrero solicited and documented the information accurately. (Def. Ex. 20).

(10)    Hotline policy and principles of efficiency require that once caller reaches a Hotline social worker and relays information it is more efficient for that caller to input the data into LINK. (Ex. F at 48-49).

(11)    During the counseling sessions prior to Guerrero's ten (10) day suspension, Guerrero acknowledged his misconduct.

(12)    The terminations reference by DCF were eventually withdrawn and the subject employees were reinstated. (Def. Ex. 267). Thus, Guerrero remains the only Social Worker terminated for neglect of duty.

(13)    Prior to implementing disciplinary sanction, remedial options, such as additional training, further counseling or Last Chance Agreements are viable alternatives (Ex. G at 26-27).

(14)    During Mysogland's tenure as Director of the Hotline, he has never utilized Last Chance Agreements. (Ex. F at 66-70).



# CONNECTICUT
# RULES OF COURT

## FEDERAL

## 2003

For State Rules, See
Connecticut Rules of Court, State, 2003

**THOMSON**

**WEST**

(a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and

(b) the date for serving responses to discovery requests.

2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

3. All motions for extensions of time, whether for consideration by the Clerk or a Judge, shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position. All such motions shall also indicate the number of motions for extension of time that have been filed by the moving party with respect to the same limitation. The motion may be granted ex parte notwithstanding a report of objection by opposing counsel. Opposing counsel may move within five (5) days of an order granting a motion for extension of time to have the Court set aside the order for good cause. Agreement of counsel as to any extension of time does not of itself extend any time limitation or provide good cause for failing to comply with a deadline established by the Federal Rules of Civil Procedure, these local rules or the Court.

**(c) Motions for Summary Judgment.**

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 9(c)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 9(c)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 9(c)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact in a Local Rule 9(c) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence

shall be filed and served with the Local Rule 9(c) Statement in conformity with Fed.R.Civ.P. 56(e).

3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.

**(d) Discovery Disputes.**

1. *Privilege Log.* In accordance with F.R.Civ.P. 26(b), when a claim of privilege or work product protection is asserted in response to a discovery request for documents, the party asserting the privilege or protection shall provide the following information in the form of a privilege log:

(1) The type of document;

(2) The general subject matter of the document;

(3) The date of the document;

(4) The author of the document; and

(5) Each recipient of the document.

This rule shall apply only to document requests.

If the information called for by one or more of the foregoing categories is itself privileged, it need not be disclosed. However, the existence of the document and any non-privileged information called for by the other categories must be disclosed.

This rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action.

2. No motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

3. Memoranda by both sides shall be filed with the Clerk in accordance with Rule 9(a) of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERARDO GUERRERO, JR.,              :
    Plaintiff,                      :
                                    :
v.                                  :    Civil No. 3:01CV1278(AVC)
                                    :
STATE OF CONNECTICUT                :
DEPARTMENT OF CHILDREN AND          :
FAMILIES,                           :
    Defendant.                      :

### ORDER TO PLAINTIFF TO SHOW CAUSE WHY PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 56 SHOULD NOT RESULT IN SANCTIONS

This is an action for damages and equitable relief brought
pursuant to Title VII, 42 U.S.C. § 2000e.  On May 13, 2003 the
defendant filed a motion for summary judgment pursuant to Fed. R.
Civ. P. 56(b).  On May 13, 2003, the defendant also filed a Local
Rule 56(a)(1) statement of material facts not in dispute.  On
July 21, 2003 the plaintiff filed a response to the defendant's
motion.  In accordance with Connecticut Local Rule 56(a), the
plaintiff also filed a 56(a)(2) statement.[1]  The plaintiff,
however, failed to indicate, by citation, the affidavit or other
evidence that supported the plaintiff's factual contentions as
they related to his denials of the defendant's statement of facts
not in dispute.  Such citations are a requirement.  See Conn. L.
R. Civ. P. 56(a)(3).  Failure to comply with this requirement
subjects the plaintiff to various sanctions, including, among
other things, deeming the defendant's statement of material facts

---

[1]The plaintiff's filing is, in fact, entitled a "9(c)(1)"
statement.  Rule 9 was the predecessor to the current local rule 56.

not in dispute admitted, <u>see</u> <u>Delrio v. University of Connecticut</u> <u>Health Care</u>, 292 F. Supp. 2d 412, 416-17 (D. Conn. 2003), or the granting of the defendant's motion for summary judgment, <u>see</u> <u>Booze v. Shawmut Bank, Connecticut</u>, 62 F. Supp. 2d 593, 595 (D. Conn. 1999).

The plaintiff is hereby ordered to show cause why sanctions should not be imposed for the failure to comply with Local Rule 56(a). Further, any response to this order shall include an amended Local Rule 56 statement with the requisite citations. The plaintiff shall have to and including February 25, 2004 to comply with this order.

It is so ordered this __9TH__ day of February, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
*********************************
GERARDO GUERRERO, JR.          *   CIVIL NO. 3:01-CV-1278 (AVC)
                 Plaintiff      *
                                *
V.                              *
                                *
STATE OF CONNECTICUT,           *
DEPARTMENT OF CHILDREN AND      *
FAMILIES                        *
                 Defendants     *   FEBRUARY 25, 2004
*********************************
```

Pursuant to Local Rule 56(a), the plaintiff, Gerardo Guerrero, Jr., respectfully submits his responses to defendant's statement of undisputed material facts as well as his statement of material facts in dispute:

## A.    PLAINTIFF'S RESPONSES TO DEFENDANT'S RULE 56(a) STATEMENT

| | | |
|---|---|---|
| 1. | Admitted | |
| 2. | Admitted | |
| 3. | Admitted | |
| 4. | Admitted | |
| 5. | Admitted | |
| 6. | Admitted | |
| 7. | Admitted | |
| 8. | Admitted | |
| 9. | Admitted | |
| 10. | Admitted | |
| 11. | Denied | See Ex. G at 31. |
| 12. | Denied | See Ex. G at 31. |
| 13. | Admitted | |
| 14. | Admitted | |
| 15. | Denied | See Ex. F at 101-103. |
| 16. | Admitted | |
| 17. | Admitted | |
| 18. | Admitted | |
| 19. | Admitted | |
| 20. | Denied | See Ex. G at 27-28. |
| 21. | Admitted | |
| 22. | Admitted | |
| 23. | Admitted | |

2

24.    Admitted
25.    Admitted
26.    Admitted
27.    Admitted
28.    Admitted
29.    Admitted as to Arbitration Interpretation only
30.    Admitted
31.    Denied        See Ex. F at 34.
32.    Admitted
33.    Admitted
34.    Admitted
35.    Admitted
36.    Admitted
37.    Admitted
38.    Admitted
39.    Admitted
40.    Admitted
41.    Admitted
42.    Admitted
43.    Admitted
44.    Admitted
45.    Denied        See Ex. F at 116.
46.    Admitted
47.    Admitted
48.    Admitted as to basis of complaint only.
49.    Admitted
50.    Admitted
51.    Admitted
52.    Admitted
53.    Admitted
54.    Admitted
55.    Admitted
56.    Admitted
57.    Admitted
58.    Admitted
59.    Admitted
60.    Admitted
61.    Admitted
62.    Admitted
63.    Admitted
64.    Admitted
65.    Admitted
66.    Admitted
67.    Admitted

3

| | | |
|---|---|---|
| 68. | Admitted | |
| 69. | Admitted | |
| 70. | Admitted | |
| 71. | Admitted | |
| 72. | Admitted | |
| 73. | Admitted | |
| 74. | Admitted | |
| 75. | Admitted | |
| 76. | Admitted | |
| 77. | Admitted | |
| 78. | Admitted | |
| 79. | Admitted | |
| 80. | Admitted | |
| 81. | Admitted | |
| 82. | Admitted | |
| 83. | Admitted | |
| 84. | Admitted | |
| 85. | Admitted | |
| 86. | Admitted | |
| 87. | Admitted | |
| 88. | Admitted | |
| 89. | Admitted | |
| 90. | Admitted | |
| 91. | Denied | See Ex. K. |
| 92. | Admitted | |
| 93. | Admitted | |
| 94. | Denied | See Ex. E.  Allegation at ¶ 94 belie plaintiff's satisfactory performance evaluations. |
| 95. | Admitted | |
| 96. | Admitted | |
| 97. | Denied | See Ex. C at 11. |
| 98. | Admitted | |
| 99. | Admitted | |
| 100. | Admitted | |
| 101. | Admitted | |
| 102. | Admitted | |
| 103. | Admitted. | |
| 104. | Admitted | |
| 105. | Admitted | |
| 106. | Admitted | |
| 107. | Admitted | |
| 108. | Admitted | |
| 109. | Admitted | |
| 110. | Admitted | |

4

| 111. | Admitted |  |
|------|----------|--|
| 112. | Admitted |  |
| 113. | Admitted |  |
| 114. | Denied | See Ex. C at 11. |
| 115. | Admitted |  |
| 116. | Admitted |  |
| 117. | Admitted |  |
| 118. | Admitted |  |
| 119. | Admitted |  |
| 120. | Denied | See Def. Ex. 26; Ex. J. |
| 121. | Denied | See Def. Ex. 26; Ex. J. |
| 122. | Admitted |  |
| 123. | Admitted |  |
| 124. | Admitted |  |
| 125. | Admitted |  |
| 126. | Admitted |  |
| 127. | Admitted |  |
| 128. | Admitted |  |
| 129. | Admitted |  |
| 130. | Admitted |  |
| 131. | Admitted |  |
| 132. | Admitted |  |
| 133. | Admitted |  |
| 134. | Admitted |  |
| 135. | Admitted |  |
| 136. | Admitted |  |
| 137. | Admitted |  |
| 138. | Admitted |  |
| 139. | Admitted |  |
| 140. | Admitted |  |

B. PLAINTIFF'S STATEMENT OF MATERIAL FACTS THAT ARE IN DISPUTE.

(1)     LINK assesses degree of risk for each intake call.  (Ex. G at 28-29).

(2)     DCF protocol permits the Hotline social worker to refer the caller to other resources. e.g. police.  (Ex. G at 31).

(3)     Mysogland, upon becoming Director of Hotline, was armed with the mandate to "clean up" perceived problems on the Hotline.  Guerrero was deemed a "problem". (Ex. F at 101-103).

(4)     Audiotapes of calls received by the Hotline are intended to be used for training purposes and to assist Hotline social workers improve their protocol when interfacing

5

with the public.  (Ex. G. at 28).

(5)     Despite the complaints concerning Guerrero's phone demeanor and documenting calls, Guerrero did not receive additional formal training.  (Ex. D at 41).

(6)     The various oral and written counseling issued to Guerrero did not constitute written warnings and/or reprimands pursuant to defendant's progressive discipline policy. (Ex. F. a t 34).

(7)     Upon promotion to social worker in May 1995, Guerrero's performance was satisfactory.  (Ex. E).

(8)     Guerrero's June 1998 transfer to the third shift was deemed an involuntary transfer and overturned by the grievance procedure.  (Ex. F at 116).

(9)     The August 23, 1998 complaint from Karen L. Ablecuicz acknowledged that Guerrero solicited and documented the information accurately.  (Def. Ex. 20).

(10)    Hotline policy and principles of efficiency require that once caller reaches a Hotline social worker and relays information it is more efficient for that caller to input the data into LINK.  (Ex. F at 48-49).

(11)    During the counseling sessions prior to Guerrero's ten (10) day suspension, Guerrero acknowledged his misconduct.

(12)    The terminations reference by DCF were eventually withdrawn and the subject employees were reinstated.  (Def. Ex. 267).  Thus, Guerrero remains the only Social Worker terminated for neglect of duty.

(13)    Prior to implementing disciplinary sanction, remedial options, such as additional training, further counseling or Last Chance Agreements are viable alternatives (Ex. G at 26-27).

(14)    During Mysogland's tenure as Director of the Hotline, he has never utilized Last Chance Agreements.  (Ex. F at 66-70).

6

PLAINTIFF, GERARDO GUERRERO, JR.

BY: _____

Marc L. Glenn
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511
Tel. No. (203) 624-4666
Federal No. ct21369
His Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing 9(c)2 Statement was mailed, first class postage prepaid, this date to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____

Marc L. Glenn

s:\docs\employ\guerrero.56(a)(3)stmnt.wpd.2-24-04