# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
*********************************
GERARDO GUERRERO, JR.          *    CIVIL NO. 3:01-CV-1278 (AVC)
                  Plaintiff    *
                               *
V.                             *
                               *
STATE OF CONNECTICUT,          *
DEPARTMENT OF CHILDREN AND     *
FAMILIES                       *
                  Defendants   *    FEBRUARY 25, 2004
*********************************
```

Pursuant to Local Rule 56(a), the plaintiff, Gerardo Guerrero, Jr., respectfully submits his responses to defendant's statement of undisputed material facts as well as his statement of material facts in dispute:

## A.   PLAINTIFF'S RESPONSES TO DEFENDANT'S RULE 56(a) STATEMENT

| | | |
|---|---|---|
| 1. | Admitted | |
| 2. | Admitted | |
| 3. | Admitted | |
| 4. | Admitted | |
| 5. | Admitted | |
| 6. | Admitted | |
| 7. | Admitted | |
| 8. | Admitted | |
| 9. | Admitted | |
| 10. | Admitted | |
| 11. | Denied | See Ex. G at 31. |
| 12. | Denied | See Ex. G at 31. |
| 13. | Admitted | |
| 14. | Admitted | |
| 15. | Denied | See Ex. F at 101-103. |
| 16. | Admitted | |
| 17. | Admitted | |
| 18. | Admitted | |
| 19. | Admitted | |
| 20. | Denied | See Ex. G at 27-28. |
| 21. | Admitted | |
| 22. | Admitted | |
| 23. | Admitted | |

2

24.    Admitted
25.    Admitted
26.    Admitted
27.    Admitted
28.    Admitted
29.    Admitted as to Arbitration Interpretation only
30.    Admitted
31.    Denied          See Ex. F at 34.
32.    Admitted
33.    Admitted
34.    Admitted
35.    Admitted
36.    Admitted
37.    Admitted
38.    Admitted
39.    Admitted
40.    Admitted
41.    Admitted
42.    Admitted
43.    Admitted
44.    Admitted
45.    Denied          See Ex. F at 116.
46.    Admitted
47.    Admitted
48.    Admitted as to basis of complaint only.
49.    Admitted
50.    Admitted
51.    Admitted
52.    Admitted
53.    Admitted
54.    Admitted
55.    Admitted
56.    Admitted
57.    Admitted
58.    Admitted
59.    Admitted
60.    Admitted
61.    Admitted
62.    Admitted
63.    Admitted
64.    Admitted
65.    Admitted
66.    Admitted
67.    Admitted

3

| 68. | Admitted | |
| 69. | Admitted | |
| 70. | Admitted | |
| 71. | Admitted | |
| 72. | Admitted | |
| 73. | Admitted | |
| 74. | Admitted | |
| 75. | Admitted | |
| 76. | Admitted | |
| 77. | Admitted | |
| 78. | Admitted | |
| 79. | Admitted | |
| 80. | Admitted | |
| 81. | Admitted | |
| 82. | Admitted | |
| 83. | Admitted | |
| 84. | Admitted | |
| 85. | Admitted | |
| 86. | Admitted | |
| 87. | Admitted | |
| 88. | Admitted | |
| 89. | Admitted | |
| 90. | Admitted | |
| 91. | Denied | See Ex. K. |
| 92. | Admitted | |
| 93. | Admitted | |
| 94. | Denied | See Ex. E. Allegation at ¶ 94 belie plaintiff's satisfactory performance evaluations. |
| 95. | Admitted | |
| 96. | Admitted | |
| 97. | Denied | See Ex. C at 11. |
| 98. | Admitted | |
| 99. | Admitted | |
| 100. | Admitted | |
| 101. | Admitted | |
| 102. | Admitted | |
| 103. | Admitted. | |
| 104. | Admitted | |
| 105. | Admitted | |
| 106. | Admitted | |
| 107. | Admitted | |
| 108. | Admitted | |
| 109. | Admitted | |
| 110. | Admitted | |

4

| | | |
|---|---|---|
| 111. | Admitted | |
| 112. | Admitted | |
| 113. | Admitted | |
| 114. | Denied | See Ex. C at 11. |
| 115. | Admitted | |
| 116. | Admitted | |
| 117. | Admitted | |
| 118. | Admitted | |
| 119. | Admitted | |
| 120. | Denied | See Def. Ex. 26; Ex. J. |
| 121. | Denied | See Def. Ex. 26; Ex. J. |
| 122. | Admitted | |
| 123. | Admitted | |
| 124. | Admitted | |
| 125. | Admitted | |
| 126. | Admitted | |
| 127. | Admitted | |
| 128. | Admitted | |
| 129. | Admitted | |
| 130. | Admitted | |
| 131. | Admitted | |
| 132. | Admitted | |
| 133. | Admitted | |
| 134. | Admitted | |
| 135. | Admitted | |
| 136. | Admitted | |
| 137. | Admitted | |
| 138. | Admitted | |
| 139. | Admitted | |
| 140. | Admitted | |

B. PLAINTIFF'S STATEMENT OF MATERIAL FACTS THAT ARE IN DISPUTE.

(1)    LINK assesses degree of risk for each intake call.  (Ex. G at 28-29).

(2)    DCF protocol permits the Hotline social worker to refer the caller to other resources. e.g. police. (Ex. G at 31).

(3)    Mysogland, upon becoming Director of Hotline, was armed with the mandate to "clean up" perceived problems on the Hotline.  Guerrero was deemed a "problem". (Ex. F at 101-103).

(4)    Audiotapes of calls received by the Hotline are intended to be used for training purposes and to assist Hotline social workers improve their protocol when interfacing

5

with the public. (Ex. G. at 28).

(5)    Despite the complaints concerning Guerrero's phone demeanor and documenting calls, Guerrero did not receive additional formal training. (Ex. D at 41).

(6)    The various oral and written counseling issued to Guerrero did not constitute written warnings and/or reprimands pursuant to defendant's progressive discipline policy. (Ex. F. a t 34).

(7)    Upon promotion to social worker in May 1995, Guerrero's performance was satisfactory. (Ex. E).

(8)    Guerrero's June 1998 transfer to the third shift was deemed an involuntary transfer and overturned by the grievance procedure. (Ex. F at 116).

(9)    The August 23, 1998 complaint from Karen L. Ablecuicz acknowledged that Guerrero solicited and documented the information accurately. (Def. Ex. 20).

(10)   Hotline policy and principles of efficiency require that once caller reaches a Hotline social worker and relays information it is more efficient for that caller to input the data into LINK. (Ex. F at 48-49).

(11)   During the counseling sessions prior to Guerrero's ten (10) day suspension, Guerrero acknowledged his misconduct.

(12)   The terminations reference by DCF were eventually withdrawn and the subject employees were reinstated. (Def. Ex. 267). Thus, Guerrero remains the only Social Worker terminated for neglect of duty.

(13)   Prior to implementing disciplinary sanction, remedial options, such as additional training, further counseling or Last Chance Agreements are viable alternatives (Ex. G at 26-27).

(14)   During Mysogland's tenure as Director of the Hotline, he has never utilized Last Chance Agreements. (Ex. F at 66-70).

6

PLAINTIFF, GERARDO GUERRERO, JR.

BY: _____

Marc L. Glenn
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511
Tel. No. (203) 624-4666
Federal No. ct21369
His  Attorneys

## **CERTIFICATION**

I hereby certify that a copy of the foregoing 9(c)2 Statement was mailed, first class postage prepaid, this date to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____

Marc L. Glenn

s:\docs\employ\guerrero.56(a)(3)stmnt.wpd.2-24-04