FILED
2004 MAR -3 P 1:44
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERARDO GUERRERO, *Plaintiff* : CIVIL ACTION NO. 3:01CV1278 (AVC)

v.

STATE OF CONNECTICUT, DEPARTMENT OF CHILDREN AND FAMILIES *Defendant* : March 2, 2004

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF ORDER TO SHOW CAUSE**

Plaintiff's counsel offers a most disingenuous explanation of his failure to comply with Local Rule 56(a)(3). Plaintiff argues that he filed his opposition papers to the Defendant's Motion For Summary Judgment on July 21, 2003 in compliance with Local Rule 9(c) which, according to plaintiff's counsel, did not require citation to the record in support of party's denial to a movant's Statement of Undisputed Facts. However, plaintiff's own Ex.2, which is a copy of Local Rule 9 and which he offers as proof his assertion, contradicts his explanation in setting forth the requirements for citation to affidavits or other evidence in subsection c(3). In fact, there is no difference in the requirements of the former Local Rule 9(c) and the present Local Rule 56(a)(3) other than the change in numbering. (See Ex.A, attached hereto). In addition, the case law is clear regarding non-complying Local Rule 9(c)(2) Statements, See Gaunichaux v. State of Connecticut, Department of Children and Families, Civil Action No. 3:00-CV-00392, Ruling on Defendants' Motion For Summmary Judgment, decided October 4, 2002 (J.Burns). Plaintiff's explanation of his complete misunderstanding of the requirements of Local Rule 9(c) and his

lack of knowledge of Local Rule 56(c) simply lacks credibility and amounts to disingenuousness deserving of the imposition of sanctions.

In addition, plaintiff's counsel has failed to comply with the court's order requiring the submission of an amended Local Rule 56 Statement with the requisite citations. Not only does plaintiff's counsel set forth denials with incorrect citations to the record as in #45 in that no document exists in the record for the citation but he sets forth limited admissions with no reference to the denial of the remaining portion and citation to the record for the same as in #29 and #48. The remaining denials, #94 and #114, are completely unresponsive to defendant's corresponding statement of facts or simply provide no support for plaintiff's denial as in #11, #12, #15, #20, #120, #121. Moreover, plaintiff's denial of defendant's Fact # 97 is blatantly misleading and unresponsive in citing to plaintiff's acceptance of responsibility for the ten day suspension when defendant's Fact #98 refers to his refusal to accept responsibility for the thirty day suspension and termination as the basis for the inappropriateness of a last chance agreement. Indeed, plaintiff's acceptance of responsibility for the ten day suspension is not in dispute.

Finally, plaintiff cites to his Ex. K in support of his denial of defendant's Fact #91, which is the transcript of a phone call on July 3, 2000. To the extent plaintiff is placing the validity of the complaint against him regarding this phone call in dispute, the same evidence was presented at the arbitration hearing, reviewed in the arbitration decision, dated August 8, 2001, and found to merit termination. (See Def.'s Ex. 12, p.35). The case law is clear that arbitrations decisions are highly probative of the absence of discriminatory intent without presenting new evidence or raising issues of bias on the part of the arbitrators. Collins v. New York City Transit Authority et al., 305 F.3d 113, 2002 U.S. App. LEXIS 19634 (2d Cir. 2002); Hogan v. State of Connecticut Judicial Branch, Summary Order no. 02-9095, United States Court of Appeals for

the Second Circuit, April 17, 2003. In addition, the plaintiff is simply asking the court to second guess the appropriateness of the employer's decision concerning the plaintiff's discipline or whether the employer made the "right" decision regarding the same. As pointed out in defendant's memorandum of law in support of motion for summary judgment (p.26), courts have stressed that Title VII is not a means to substitute employer decisions with judicial ones, but instead is limited to determine whether discriminatory purpose exists. See Jiminez v. Mary Washington College, 57 F.3d 369, 377 (4th Cir. 1995). Even an employment decision that seems unfair is not, for this reason, discriminatory or unlawful. Long v. First Family Financial Services, Inc., 677 F. Supp. 1226, 1229 (S.D.Ga 1987).

Accordingly, plaintiff has failed to comply with the court's order to show cause in setting forth a credible explanation for his failure to comply with Local Rule 56(a) and failing to include an amended Local Rule 56 statement with the requisite citations.

WHEREFORE, the court should exercise its discretion to impose sanctions and deem the defendant's statement of material facts not in dispute as admitted and thereby grant the defendant's motion for summary judgment.

DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF CHILDREN AND FAMILIES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: Eleanor May Mullen

Eleanor May Mullen
Assistant Attorney General
Federal Bar No. 22430
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
eleanor.mullen@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant's Memorandum In Opposition To Plaintiff's memorandum In Support Of Order To Show Cause was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 2nd day of March, 2004, first class postage prepaid to:

Marc L. Glenn
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange St.
New Haven, CT 06511

Eleanor May Mullen
Assistant Attorney General

# CONNECTICUT RULES OF COURT

## FEDERAL

2004

FOR STATE RULES, SEE
CONNECTICUT RULES OF COURT, STATE, 2004

THOMSON
WEST

EXHIBIT A

shall award costs in accor-
f this Local Rule.
ɔsts.
nd Marshal. Fees of the
:able as costs and include
laint, habeas corpus peti-
the issuance of deposition
ict. Service fees for sum-
subpoenas for nonparty
subpoenas for depositions
ervice is executed by mail
of the Federal Rules of
recoverable as costs. All
vate process servers shall
ion attached as an exhibit

rter.

nal and one copy of the
of pre-trial proceedings,
required for the court
ipts with the Court, are
ance by the Court or are
in the case.

al and one copy of depo-
rable as costs, if used at
y, for cross-examination
support of a successful
ent, or if they are neces-
aration of the case and
ounsel. Appearance fees
notary or other official
, are taxable as costs,
and postage for filing if
d to be filed with the
ponents, including mile-
ble at the same rate as
re the deposition is a
ction. A reasonable fee
an interpreter is also

and Copies of Papers
the Case.

ns or copies of papers
can demonstrate that
ies were necessarily
Costs for one copy of
dence in lieu of the
s costs. Copies for the
itional copies are not
ted by the Court. The
if the copy itself is a

rappers and prior art
ate charged by the
nses for services of
records to determine
recoverable.

(iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.

4. *Fees for Witnesses.*

(i) Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena. Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. Witness fees for officers of a corporation are taxable provided that such witnesses are not named parties to the action. Fees for expert witnesses are taxable at the same rates as any other witness. Any amounts in excess of the statutory limits are not taxable. Fees for a competent interpreter are taxable if the fees of the witness involved are taxable.

(ii) Fees for subsistence are taxable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees if the witness were to return to the residence every day. Additional claims for subsistence when the witness has testified and remains in attendance for the convenience of counsel shall not be taxable.

(iii) Mileage shall be taxable at the statutory rate. The "100-mile" rule which limits the total taxable mileage of a witness to 200 miles round trip, will not be applied where it has been demonstrated that the witness' testimony was relevant and material and had a bearing on essential issues of the case. Fees of common carriers are also taxable at coach fare rates. Receipts for common carrier expenses shall be appended to the bill of costs. Miscellaneous toll charges, parking fees, taxicab fares between places of lodging and carrier terminals, are also taxable.

5. *Maps, Charts, Models, Photographs, Summaries, Computations and Statistical Summaries.* The cost of maps and charts are taxable as costs only if admitted into evidence and only if they are not greater than 8 1/2 × 11 in size. Costs for enlargements greater than 8 1/2 × 11 or for models, are not taxable unless by order of the Court. Compilations of summaries, computations and statistical comparisons are also not taxable unless by order of the Court.

6. *Other Items Taxable as Costs Are as Follows.*

(i) Fees to masters, receivers and commissioners, unless otherwise ordered by the Court;

(ii) Premiums paid upon all bonds provided pursuant to statute, rule of Court, order of Court, or stipulation of parties, including bonds in lieu of or in release of attachment, may be taxed as costs to the prevailing party, subject to disallowance entirely or in part by the Court in its discretion;

(iii) Fees incurred in removing a case from state Court, including the fees for service of process in the state Court and fees for witnesses attending depositions prior to removal.

7. *Items Not Taxable as Costs.* In addition to any limitations addressed in the preceding sections, the following items are not recoverable as costs, unless by order of the Court:

(i) Filing fees for cases initiated by the United States;

(ii) Service of process fees for discovery subpoenas;

(iii) Copies of trial transcripts in excess of an original plus one copy;

(iv) Costs of an expedited or daily copy transcript produced for the convenience of counsel;

(v) Counsel's fees and expenses in arranging for and traveling to a deposition or trial;

(vi) Fees of any named party to the action;

(vii) Compensation for an expert witness in excess of the statutorily allowed limits;

(viii) Subsistence fees for witnesses in attendance at trial or deposition, beyond the time of testimony by the witness;

(ix) Attorneys' fees incurred in attending depositions, conferences or trial, including expenses for investigations;

(x) Word processing or typing charges;

(xi) Computerized legal research fees;

(xii) Paralegal expenses;

(xiii) Pre-judgment and post-judgment interest;

(xiv) Costs for maps, charts and photographs greater than 8 1/2 × 11 in size, as well as costs for producing models;

(xv) Copies of pleadings retained by counsel or served on opposing counsel;

(xvi) Telephone calls by counsel, general postage expense of counsel, Federal Express or other express mail service costs.

**(d) Review of the Clerk's Ruling.** Any party may, within five (5) days of the entry of the Clerk's ruling, apply to the Judge before whom the case was assigned for review of the Clerk's ruling on the bill of costs. Such application shall specify which portions of the Clerk's ruling are the subject of the objection and shall specify the reasons therefor. Any other party may respond to such objection within five (5) days of the filing of such objection.

[Effective January 1, 2003.]

## RULE 55. (RESERVED)

## RULE 56. SUMMARY JUDGMENT

**(a) Motions for Summary Judgment**

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule

56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

**(b) Notice to Pro Se Litigants Regarding Summary Judgment.** Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.

[Effective January 1, 2003; amended effective August 1, 2003.]

**Notice to Pro Se Litigant Opposing Motion For Summary Judgment As Required by Local Rule of Civil Procedure 56(b)**

The purpose of this notice, which is required by th Court, is to notify you that the defendant has filed motion for summary judgment asking the Court t dismiss all or some of your claims without a trial. Th defendant argues that there is no need for a trial wit regard to these claims because no reasonable jur could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY B GRANTED AND YOUR CLAIMS MAY BE DIS MISSED WITHOUT FURTHER NOTICE IF YO DO NOT FILE PAPERS AS REQUIRED B RULE 56 OF THE FEDERAL RULES OF CIVI PROCEDURE AND RULE 56 OF THE LOCA RULES OF CIVIL PROCEDURE. COPIES O THESE RULES ARE ATTACHED TO THIS NO TICE, AND YOU SHOULD REVIEW THEM VER CAREFULLY.

The papers you file must show that (1) you disagre with the defendant's version of the facts; (2) you hav evidence contradicting the defendant's version; and ( the evidence you rely on, if believed by a jury, woul be sufficient to support a verdict in your favor.

To make this showing, you must file one or mor affidavits disputing the defendant's version of th facts. An affidavit is a sworn statement by a witnes that the facts contained in the affidavit are true to th best of the witness's knowledge and belief. To b considered by the Court, an affidavit must be signe and sworn to in the presence of a notary public o other person authorized to administer oaths. In add tion to affidavits, you may also file deposition tra scripts, responses to discovery requests, and othe evidence that supports your claims.

If you fail to submit evidence contradicting th defendant's version of the facts, your claims may b dismissed without further notice. It is therefore ver important that you read the defendant's motion, men orandum of law, affidavits, and other evidentiary m terials to see if you agree or disagree with the defe dant's version of the relevant facts. It is also ver important that you review the enclosed copy of Ru 56 of the Local Rules of Civil Procedure carefull This rule provides detailed instructions concerning th papers you must file in opposition to the defendant motion, including how you must respond to specif facts the defendant claims are undisputed (see Ru 56(a)(2) and how you must support your claims wit specific references to evidence (see Rule 56(a)(3). you fail to follow these instructions, the defendant motion may be granted.

You must file your opposition papers with the Cler of the Court and mail a copy to the defendant counsel within 21 days of the filing of the defendant motion with the Clerk of the Court. This 21-da