UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERARDO GUERRERO, JR. | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV1278 (AVC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, DEPARTMENT OF CHILDREN AND FAMILIES | : | |
| *Defendant* | : | May 17, 2004 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR EXTENTION OF TIME TO FILE A NOTICE OF APPEAL**

COMES NOW the defendant and opposes the plaintiff's Motion for Extension of Time to File a Notice of Appeal pursuant to F.R.A.P. 4(a)(5).

Plaintiff's argument for filing an out-of-time appeal in the above-captioned matter is pursuant to F.R.A.P. 4a(5)(ii), which is premised upon the plaintiff "shows excusable neglect or good cause." Plaintiff's argument is unavailing and its reliance on Silivanch v. Celebrity Cruises, 333 F.3d 355 (2d Cir. 2003) and Pioneer Investment Services co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993) is misdirected.

In the Silivanich matter, there was a question of when final judgment was entered by the District Court. Counsel for the defendant Essef Corp. filed a notice of appeal with the District Court on March 1, 2002, 32 days after judgment had been entered. On March 29, 2002, Essef's counsel filed a motion in the district court, requesting an extension of time to file a notice of appeal pursuant to F.R.A.P. 4(a)(5).

The District Court granted defendant Ellef's motion to file an untimely appeal pursuant to "excusable neglect." The Second Circuit, however, found that the District Court had abused its discretion in granting an out-of-time appeal and dismissed the appeal.

In this instant matter, there was no confusion about the date of judgment. The District Court (Covello J.) issued its ruling on defendant's motion for summary judgment on March 19, 2004 (Doc. # 53) and Judgment was entered for the defendant on March 23, 2004 (Doc. # 54) as noted in plaintiff's brief at ¶ 1. Plaintiff's counsel admits at ¶ 1 that he was well aware that the deadline for filing a <u>timely</u> appeal was April 22, 2004. Plaintiff counsel's excuse at ¶ 3 of his brief that the delay was due to the illness of plaintiff's wife is unavailing and wholly beyond the bounds of "excusable neglect."

As cited in <u>Silivanch</u>, the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. <u>Weinstock v. Cleary, Gottlieb, Steen & Hamilton</u>, 16 F.3d 501, 503, (1994) (quoting <u>In Re Cosmopolitan Aviation Corp.</u>, 763 F.2d 507, 515 (2d Cir.) *cert denied*, 475 U.S. 1032 (1985). Plaintiff's counsel clearly understood the deadline for filing a timely appeal, yet failed to do so and misguidedly attempts to offer the plaintiff wife's illness as excusable neglect.

Plaintiff counsel's use of <u>Pioneer</u> is unpersuasive. The factors to be considered in evaluating excusable neglect include (1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. <u>Id.</u> at 395.

Again, as noted in <u>Silivanich</u>, the first two Pioneer factors favor the moving party. The Second Circuit in its <u>Silivanch</u> ruling said:

> …[D]espite the flexibility of "excusable neglect" and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor…We have noted that the equities will rarely if ever favor a party who "fails to follow the clear dictates of a court's rule" and held that where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Canfield [v. Van Atta Buick/GMC Truck Inc.], 127 F.3d 248, 250-251 (2d Cir. 1997)(holding not clearly erroneous the district court's decision that a lawyer's failure to file motion papers within the time limit established by a local rule was not excusable neglect under Rule 60(b).

Silivanich, 333 F.3d at 366-367.

See, also Silvanich 333 F.3d at 367, n. 7[1].

Plaintiff's counsel, as noted in his brief at ¶ 1 is well aware of the rules of court. Counsel should have filed a timely appeal within the appeal period pursuant to F.R.A.P. 4(a)(1) in order to preserve the right to appeal. Rather, plaintiff's appeal is twenty (20) days beyond the allowable appeal period, and the implausible excuse is that plaintiff's wife was ill and plaintiff's attention was wholly in one direction. As noted in plaintiff's brief ¶ 3, plaintiff's wife "is a long suffer of Multiple Sclerosis…" While the defendant sympathizes with the plaintiff and his wife's illness, plaintiff's counsel attempt at using this as "excusable neglect" is reaching.

There was nothing ambiguous regarding the District Court's ruling in granting summary judgment to the defendant. Judge Alfred V. Covello's 22-page decision of March 19, 2004 makes it clear that the plaintiff was "devoid of any evidence" that he was discriminated against on the basis of his race. Plaintiff counsel's belated attempt to file an appeal, which follows

---

[1] See also Graphic Communications Int'l Union Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001)("Although the Pioneer standard is more forgiving than the standard in our prior case law, there still must be a satisfactory explanation for the late filing…The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay and good faith might have more relevance in a close[] case, the reason-for-delay factor will always be critical to the inquiry.")(citations, internal quotation marks and final ellipsis omitted.

3

defendant's timely motion for costs dated April 27, 2004 (Doc. # 55) – timely filed after the expiration of the 30-day appeal period – is curious at best and wholly lacking in substance. Plaintiff counsel's attempt to reopen the proceedings at this late juncture should be denied. As the Second Circuit wrote in Silivanich, "[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced – where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." Id. at 368.

WHEREFORE, the defendant opposes plaintiff's motion for extension of time to file a timely appeal and moves the court to deny plaintiff's motion inasmuch as good cause has not been shown.

                        DEFENDANT
                        STATE OF CONNECTICUT
                        DEPARTMENT OF CHILDREN AND FAMILIES

                        RICHARD BLUMENTHAL
                        ATTORNEY GENERAL

BY: _____
      Eleanor May Mullen
      Assistant Attorney General
      Federal Bar No. ct22430
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5340
      Fax: (860) 808-5383
      E-Mail Address:
      eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Extension of Time to File a Notice of Appeal was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this   17th   day of May, 2004,  first class postage prepaid to:

Marc Glenn, Esq.
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT  06511-6406
Tel.: (203) 624-4666

_____
Eleanor May Mullen
Assistant Attorney General