UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERARDO GUERRERO, JR., <br>   Plaintiff, | : <br> : <br> : |
| v. | :    Civil No. 3:01CV1278(AVC) <br> : |
| STATE OF CONNECTICUT <br> DEPARTMENT OF CHILDREN AND <br> FAMILIES, <br>   Defendant. | : <br> : <br> : <br> : |

### RULING ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

This is an action for damages in which the plaintiff, Gerardo Guerrero, alleged that the defendant had impermissibly discriminated against him in his employment on the basis of his race. It was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended by the Civil Rights Act of 1991 ("Title VII"). On March 19, 2004, the court granted the defendant's motion for summary judgment with regard to all of the causes of action asserted against the defendant. On March 23, 2004, the court rendered judgment in favor of the defendants. On May 12, 2004, the plaintiff filed the within motion for an extension of time to file a notice of appeal. For the reasons that hereinafter follow, the motion for an extension of time to file a notice of appeal (document no. 57) is DENIED.

The plaintiff asserts that his motion for an extension of time should be granted because "he can present excusable neglect and/or good cause." Specifically, the plaintiff maintains that "to the extent [he] can show that he was tending to his ill

wife's health . . . as well as financial hardship . . ., he can show excusable neglect and good cause for purposes of extending the time to file a notice of appeal."

The defendants maintain that the plaintiff's contentions fail to establish good cause or excusable neglect. Specifically, the defendant contends that the plaintiff's excuse is "unavailing" because "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."

In a case such as this, "notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Nevertheless, "Fed. R. App. P. 4(a)(5) allows the district court to 'extend the time to file a notice of appeal' if a party 'shows excusable neglect or good cause.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Fed. R. App. P. 4(a)(5)).

"The determination [of whether a party's neglect is excusable,] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). Such circumstances, or factors, include: (1) "the danger of prejudice to the [non-movant; (2)] the length of the delay and its potential impact on judicial proceedings[; (3)] the reason for the delay, including

whether it was within the reasonable control of the movant[; and (4)] whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). "In the typical case, the first two factors will favor the moving party . . . [and] rarely in the decided cases is the absence of good faith at issue." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (internal citations and quotation marks omitted).

Nevertheless, regardless of the "flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the four factors usually weigh in favor of the party seeking extension, [the Second Circuit has] . . . focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)). Thus, "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the [four factor] Pioneer test." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003).

Pursuant to these principles, in Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997), the Second

Circuit concluded that the plaintiff's counsel's failure to comply with the time requirements of an otherwise unambiguous rule was not excused by counsel's contention that he was unable to comply because of his personal involvement in other affairs. Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir. 1997). In Canfield, plaintiff's counsel contended that, inter alia, his personal involvement in his own political campaign constituted excusable neglect to comply with the time requirement of the applicable rule. Canfield, 127 F.3d at 249. The Second Circuit rejected this contention noting that the relevant rule was unambiguous and the effect of failure to comply was clear. Even under the liberal standard of "excusable neglect" articulated in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the court concluded that "[c]ounsel's failure to read and obey the unambiguous court rule – especially when the opposing party told him what the rule said – was not excusable." Canfield, 127 F.3d at 251. "[T]he fact that counsel was preoccupied with [personal responsibilities did] . . . not alter this conclusion." Canfield, 127 F.3d at 251. Thus, the court affirmed the district court's finding that the plaintiff had failed to establish excusable neglect.

Applying these principles, the court concludes that the plaintiff has failed to establish excusable neglect and therefore that the motion should be denied. Plaintiff admits that he "was

4

aware of the 30 day limit in which to file a notice of appeal" and that he failed to comply with this requirement. The plaintiff nonetheless maintains that the failure to comply with this rule is excusable because the plaintiff's wife became severely ill and required the plaintiff's "full time attention and care." The plaintiff therefore apparently attempts to explain his non-compliance by claiming that the delay resulted from his involved in matters of a personal nature. However, in Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997), the Second Circuit rejected the excuse of "personal involvement in other affairs" as excusable neglect when the "attorney filed late, in violation of 'the clear dictates of a court rule.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003) (explaining holding in Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997)). Thus, in accordance with Canfield, the court rejects the plaintiff's contentions that his personal involvement in other affairs establishes excusable neglect.

The fact that Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997) addressed *counsel's* personal commitments and not the *client's* personal commitments does not alter this conclusion. In this case, the plaintiff was, and is, represented by counsel. The requirement of timely filing is straightforward, and, with regard to a party who is represented

by counsel, does not require considerable effort. In fact, it would seem that a represented party is only required to decide whether or not he, or she, would like to pursue an appeal. Thus, in comparison to counsel's obligations under the rule at issue in Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997), i.e., researching and drafting a motion and a memorandum of law, the plaintiff's obligations in this case were minimal. The distinction is therefore without meaningful consequence. Likewise, the difference in the particular nature of the plaintiff's personal commitment and that of the attorney's personal commitment in Canfield is of little consequence. More specifically, insofar as the plaintiff's obligation under the rule was minimal, it is immaterial that the attorney in Canfield was campaigning while the plaintiff in this matter was caring for his wife. Consequently, although the court is not unsympathetic to the plaintiff's obvious care for his wife, the court concludes that to the extent that the plaintiff maintains that his personal commitments resulted in the late filing of a notice of appeal, Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997) controls this case and the plaintiff's motion for an extension of time to file a notice of appeal is DENIED.[1]

---

[1] The plaintiff does not contend that a good cause standard presents a distinct inquiry from that of excusable neglect. In fact, the plaintiff's motion only analyzes his claim under the excusable neglect standard articulated in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), and applied in Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248

It is so ordered this ___11TH___ day of June, 2004 at Hartford, Connecticut.

                                              Alfred V. Covello
                                              United States District Judge

---

(2d Cir. 1997). Moreover, following the Supreme Court's liberal interpretation of the excusable neglect standard in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396 (1993), there is likely "no real difference between [the good cause standard] and [the] 'excusable neglect'" standard. See 16A C. Wright & A. Miller, Federal Practice and Procedure § 3950.3 (3d ed.1999); see also Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 231 (7th Cir. 1990) (noting the attempt to distinguish between good cause and excusable neglect is akin to "hairsplitting"). Therefore, insofar as the good cause and excusable neglect standards present essentially the same issues, the plaintiff can not prevail under a good cause theory.